**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4177**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

RAUL ORTIZ,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Martin K. Reidinger, District Judge.  (3:08-cr-00235-1)

Submitted:  December 17, 2010        Decided:  February 7, 2011

Before AGEE, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew G. Pruden, TIN, FULTON, WALKER & OWEN, PLLC, Charlotte, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raul Ortiz pled guilty to four counts in his superseding indictment: possession with intent to distribute cocaine (Counts 2 and 3), possession of a firearm by a convicted felon under 18 U.S.C. § 922(g) (2006) (Count 4), and using and carrying a firearm during and in relation to a drug trafficking crime under 18 U.S.C.A. § 924(c) (West Supp. 2010) (Count 5). He was sentenced to a total of 240 months of imprisonment (180 months for Counts 2 and 3, 120 months imposed concurrently for Count 4, and sixty months imposed consecutively for Count 5).

On appeal, Ortiz only challenges his sentence, asking whether: (1) the district court erred at sentencing by finding him responsible for 144 kilograms of cocaine as part of his advisory Sentencing Guidelines range; (2) the drug amounts attributed to him constituted relevant conduct under U.S. Sentencing Guidelines Manual ("USSG") § 1B1.3 (2009); and (3) the district court committed Sixth Amendment error by sentencing him based on conduct not admitted by him. For the reasons that follow, we affirm Ortiz's sentence.

First, we find no clear error in the district court's determination of drug quantity. United States v. Hyppolite, 65 F.3d 1151, 1158 (4th Cir. 1995) (providing review standard). We note that the court based its estimate on Ortiz's own statements regarding drug amounts that he personally distributed. As is

relevant here, the defendant may be the source of the estimate for the amount of drugs involved. See United States v. Hicks, 948 F.2d 877, 883 (4th Cir. 1991) (holding defendant's statements made at his arrest could be used in calculation of drug amounts at sentencing); United States v. Wilson, 896 F.2d 856, 857-58 (4th Cir. 1990) (finding defendant's admission to specific drug quantity at trial constituted adequate basis for drug amounts).

Second, we find no clear error in the district court's conclusion that Ortiz's admitted drug distribution was properly considered part of his relevant conduct. See United States v. Ellis, 975 F.2d 1061 (4th Cir. 1993) (sentencing court can consider drug amounts involved in a conspiracy even if defendant only pleads guilty to possession with intent to distribute).

Finally, we find no Sixth Amendment error in Ortiz's sentence. Sentencing judges may find facts relevant to determining a Sentencing Guidelines range by a preponderance of the evidence, so long as the Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict or guilty plea. United States v. Benkhala, 530 F.3d 300, 312 (4th Cir. 2008), cert. denied, 129 S. Ct. 950 (2009).

Accordingly, we affirm Ortiz's sentence. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
